No. 23107.

Byron Nordgren *v.* The Western Colorado Power
Company, a Colorado corporation.

(448 P.2d 643)

Decided December 9, 1968.   Rehearing denied January 13, 1969.

Marvin Dansky, for plaintiff in error.

Loesch, Kreidler & Durham, Harrison Loesch, for
defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

Plaintiff in error, hereinafter referred to by name,

was employed as an unskilled laborer by Monument Construction, Inc., which was engaged in erecting a steel building on a large floor space which had been entirely covered by a concrete slab. The building was being erected in Delta county for use as a storage place for fruit. The power lines of the Western Colorado Power Company passed directly over the building site before the construction work began. However, prior to the accident which resulted in injuries to Nordgren, the defendant company moved the line so that it did not remain above the concrete slab at any point. From one corner of the steel structure the line was 12 to 15 feet removed from the building, and from that point was extended diagonally away from the building site in a sharp angle which increased the distance from the building being erected. Nordgren was on the building site when the power line was moved, and he knew that the line was a high voltage wire. At its new location the line was strung in full conformity with recognized standards of safety. It was 35 feet 9 inches above the ground at the point where the contact was made which caused plaintiff's injuries.

On August 25, 1965, and prior thereto, a portable hoist tower was used by the construction crew. It was mounted on a tripod device having three wheels which were equipped with inflated tires. The workmen moved it about on the concrete slab as occasion required in the erection of the building. The tower portion of the device extended upward in sections. On August 25, 1965, it extended upward to a point above the power line. At about noon on that date Nordgren and other workmen were instructed by their foreman to move the hoist to a different position so that it would be available for use following the lunch period. In complying with this directive of the foreman, Nordgren and others pushed the hoist off the concrete slab and the top portion of the metal hoist came in contact with the high voltage wire above mentioned resulting in very severe injuries to

the plaintiff. He brought action in the district court alleging that the injuries sustained were proximately caused by the negligence of Western Colorado Power Company.

A jury was selected to try the action. At the conclusion of the evidence offered on behalf of Nordgren, counsel for Western Colorado Power moved for a directed verdict on the grounds that no negligence of the company had been shown, and that even if negligence had been established, the evidence of contributory negligence as a matter of law prevented a recovery by Nordgren. The trial court sustained the motion and in so doing commented as follows:

"The Court has heard the arguments on the Defendant's motion for a directed verdict in this case and the Court has granted the motion inasmuch as there's no evidence in my opinion on which a Jury could find a breach of duty by the Defendant Power Company towards the Plaintiff in this case. There being no evidence of negligence, it's not necessary for the Court to consider the arguments based on contributory negligence or proximate cause. * * *"

The action was dismissed and Nordgren is here on writ of error. As grounds for reversal his attorney presents argument under three captions as follows:

"1. The defendant, an electrical power distributor, was required under the law to exercise a high duty of care for the safety of the public and workers in the area.

"2. The defendant, an electrical power distributor, had affirmative duties toward the plaintiff, including, but not limited to, insulating the line, raising or removing the line, discontinuing service on the line, and adequately warning workmen in the area of the danger.

"3. A jury question was presented under the facts and circumstances of the case, and the court erred in ruling as a matter of law that there was no negligence or breach of duty to the plaintiff."

We are unable to find any evidence in the

record before us which would sustain a verdict in favor of the plaintiff. No negligence on the part of the defendant power company was shown. The undisputed facts are somewhat comparable to those which were present in *Currence v. Denver Tramway Corporation*, 132 Colo. 328, 287 P.2d 967, from which we quote the following:

"* * * There is no showing that defendant company, in the construction and maintenance of its power lines, had not complied with all safety codes or ordinances and regulations. Its duty involved the exercise of reasonable care commensurate with the dangers involved. It was not required to protect against any and all possible eventualities. Such requirement would make defendant company an insurer, whereas its only duty was to guard against probabilities. It cannot be held to be negligent in not anticipating such an occurrence as is here presented, that is, the operation of an oversize crane near its power lines. The negligence heretofore observed as being rampant on this occasion was that of the contractor and Motor Crane 'Service. Their knowledge of the known danger and their disregard thereof fixes the proximate cause of the accident. * * *"

To like effect is the holding of this court in *Crandall v. Mountain States Telephone and Telegraph Company*, 149 Colo. 140, 368 P.2d 414, in which this court affirmed the action of the district court in directing a verdict in favor of the Morgan County Rural Electric Association. In that opinion we find the following:

"With reference to the claim against REA, no error was committed by the trial court in directing a verdict in its favor. There is no evidence whatever in the record tending to establish negligence on the part of REA in the construction or maintenance of its power lines. It had no advance knowledge whatever of plaintiff's plans to move the tanks, nor of the raising of the phone company's lines to permit the passage of the tanks.

REA first learned of plaintiff's attempt to move the tanks after the injuries were sustained by him."

Careful analysis of the record leads inescapably to the conclusion that there was no evidence showing a breach of duty to Nordgren on the part of the defendant.

The judgment is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.