Laura SMITH, Wanda Smith and Jeanette Smith, Plaintiffs-Appellants,

v.

**HOME LIGHT AND POWER COMPANY, a Colorado corporation, Defendant-Appellee.**

No. 81CA0527.

Colorado Court of Appeals, Div. II.

Dec. 13, 1984.

Rehearing Denied Jan. 10, 1985.

Certiorari Granted April 15, 1985.

Gerash & Robinson, P.C., Scott H. Robinson, Walter L. Gerash, Denver, Robert C. Burroughs, Ault, for plaintiffs-appellants.

Houtchens, Houtchens & Daniel, Kim R. Houtchens, Greeley, Kelly, Stansfield & O'Donnell, Timothy J. Flanagan, Denver, for defendant-appellee.

KELLY, Judge.

Plaintiffs, Laura, Wanda, and Jeanette Smith, sought damages for the wrongful death of their family members, Sidney and Thomas Smith, who died as a result of electrocution after they pulled a portable grain auger into an overhead powerline maintained by defendant, Home Light & Power Co. Plaintiffs contend that the trial court erred in granting summary judgment in favor of Home Light on their products liability claim. We affirm.

Plaintiffs brought claims against Home Light, the installer and designer of the overhead powerline, based on negligence, products liability, and carrying on an abnormally dangerous activity. They also asserted a products liability claim against the manufacturer of the grain auger. Prior to trial, the court granted summary judgment to Home Light on the products liability and abnormally dangerous activity claims. At trial, the plaintiffs proceeded with a claim against Home Light based on negligence and a claim against the manufacturer based on products liability. Prior to closing arguments, plaintiffs settled their claim against the manufacturer, and the case was submitted to the jury only on plaintiffs' negligence claim against Home Light. The jury returned a verdict absolving Home Light of negligence.

While conceding that summary judgment was appropriate on the abnormally dangerous activity claim, *see Federal Insurance Co. v. Public Service Co.*, 194 Colo. 107, 570 P.2d 239 (1977), plaintiffs nonetheless contend that the grant of summary judgment on the products liability claim was error.

■ Plaintiffs argue that electricity, as well as its transmission facilities, constitute "products" within the meaning of Restatement (Second) of Torts § 402A (1965). Defendants, on the other hand, contend that the distribution of electricity is a service, not a product. We agree that electricity itself is a product, but conclude that its distribution is a service.

In *Ransome v. Wisconsin Electric Power Co.*, 87 Wis.2d 605, 275 N.W.2d 641 (1979), the court held that electricity is a "product" within the meaning of § 402A. The court determined that electricity is "a form of energy that can be made or produced by men, confined, controlled, transmitted and distributed to be used as an energy source for heat, power and light and is distributed in the stream of commerce. The distribution might well be a service, but the electricity itself, in the contemplation of the ordinary user, is a consumable product."

We adopt this approach both as to the characterization of electricity as a product and as to the characterization of the distribution system as a service. *Wirth v. Mayrath Industries, Inc.*, 278 N.W.2d 789 (N.D.1979); *Kemp v. Wisconsin Electric Power Co.*, 44 Wis.2d 571, 172 N.W.2d 161 (1969); *Williams v. Detroit Edison Co.*, 63

Mich.App. 559, 234 N.W.2d 702 (1975) are to the same effect.

The result reached by the application of these principles, however, depends upon the facts of each case. Plaintiffs' products liability claim is premised on Restatement (Second) of Torts § 402A (1965) which states:

> "One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

The sale of a product is fundamental to a strict liability claim. *St. Luke's Hospital v. Schmaltz*, 188 Colo. 353, 534 P.2d 781 (1975). Because the law does not require a manufacturer to be the insurer of its products, the scope of liability under § 402A is limited. *Kysor Industrial Corp. v. Frazier*, 642 P.2d 908 (Colo.1982).

■ Here, the plaintiffs do not allege that the product, *i.e.*, the electricity, was defective. Rather, they allege that Home Light had installed an unreasonably and dangerously defective electrical distribution system. Since the distribution system for electricity is a service, not a product, these allegations do not state a claim for relief under § 402A. The negligence issues have already been presented to the jury under proper instruction, and are not before us for review. Accordingly, summary judgment for the defendant on the products liability claim was proper.

The plaintiffs' contention that the jury verdict was tainted by the injudicious conduct of the trial court is without merit.

Judgment affirmed.

BERMAN, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The trial court ruled as a matter of law that power lines used for the transmission of electricity are not products for purposes of *Restatement (Second) of Torts* § 402A (1965), nor is the transmission of electricity an ultra-hazardous activity implicating common law strict liability. *See Restatement (Second) of Torts* § 519 (1965). I agree with the latter ruling, but disagree with the former.

Although there is dicta in *Federal Insurance Co. v. Public Service Company*, 194 Colo. 107, 570 P.2d 239 (1977) comparing the distribution of electricity to the operation of a firing range or the handling of explosives, both of which are traditionally common law strict liability situations, the reversal therein was based on the trial court's failure to instruct that "a company engaged in furnishing electricity must exercise the highest skill and most consummate care...." *Federal*, however, did not address strict product liability as defined in *Restatement (Second) of Torts* § 402A.

In rejecting plaintiffs' products liability claim, the trial court relied upon *Currence v. Denver Tramway Corp.*, 132 Colo. 328, 287 P.2d 967 (1955) and *Nordgren v. Western Colorado Power Co.*, 167 Colo. 421, 448 P.2d 643 (1968). *Currence* and *Nordgren* are inapplicable to section 402A cases. These cases concerned traditional negligence and contributory negligence claims which antedated our adoption of section 402A and are of no precedential value. I note that the claims here predated the application of § 13–21–401, et seq., C.R.S. (1984 Cum.Supp.).

Colorado first applied section 402A in *Bradford v. Bendix-Westinghouse Automotive Air Brake Co.*, 33 Colo.App. 99, 517 P.2d 406 (1973). Our supreme court formally endorsed this adoption in *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975).

Products liability under Section 402A does not rest upon negligence principles, but is premised on the concept of enter-

prise liability for casting a defective product into the stream of commerce. *Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo.1983). The plaintiffs here premised their products liability claim upon the failure of the defendant properly to design the system for transmission of the electricity, thus, causing it to be unreasonably dangerous. Alternatively, plaintiffs claim that defendants failed to give adequate warning that the powerline provided by it was an uninsulated high voltage (7200 volts) power line thus making it defective and unreasonably dangerous. *See Restatement (Second) of Torts* 402A comment j (1965). Plaintiffs proffered evidence in support of both contentions.

Plaintiffs argue that electricity and its transmission facilities constitute "products" within the meaning of section 402A. Defendants, on the other hand, contend that electricity is a service rather than a product. I agree with plaintiffs.

In *Ransome v. Wisconsin Electric Power Co.*, 87 Wis.2d 605, 275 N.W.2d 641 (1979), the court held that electricity is a "product" within the meaning of § 402A. The court determined that electricity is "a form of energy that can be made or produced by men, confined, controlled, transmitted and distributed to be used as an energy source for heat, power and light and is distributed in the stream of commerce. The distribution might well be a service, but the electricity itself, in the contemplation of the ordinary user, is a consumable product." *See also Troszynski v. Commonwealth Edison Co.*, 42 Ill.App.3d 925, 1 Ill.Dec. 644, 356 N.E.2d 926 (1976); *Leakakos Construction Co. v. American Surety Co.*, 8 Ill.App.3d 842, 291 N.E.2d 176 (1972).

The rationale for this result was stated in *Ransome:*

> "To classify electricity as a product, by virtue of the definition we have set forth above, is warranted, indeed mandated, by the social policies which underlie and justify the imposition of strict liability on sellers who place dangerously defective products into the stream of commerce."

I find this reasoning persuasive. *See Denver Consolidated Electric Co. v. Simpson*, 21 Colo. 371, 41 P. 499 (1895). Further, to conclude that wire produced to transmit electricity is not a product defies the factual basis of its production.

Here, a fact situation is present which requires that the claim be submitted to the jury. *See Blue Flame Gas, Inc. v. Van Hoose*, 679 P.2d 579 (Colo.1984). Therefore, I would reverse the trial court's judgment dismissing plaintiff's *Restatement (Second) of Torts* 402A claim and remand it for trial.